IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JAMES CRAIG SORROW | ) | CASE NO. 12-50928 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |

**ORDER AND MEMORANDUM OPINION**
**DENYING MOTION TO AVOID JUDICIAL LIEN**

This matter came on for hearing on September 26, 20129, upon the above referenced Debtor's Motion to Avoid a Judicial Lien under Section 522(f) of the Bankruptcy Code. Robert F. McLaughlin appeared on behalf of the Debtor. The Debtor owns real property located at 9061 Sorrow Farm Road, Kannapolis, North Carolina, as tenants by the entirety with his non-debtor spouse. The property is encumbered by the judgment lien of Navy Federal Credit Union in the amount of $2,135.53. Liens may be avoided under Section 522(f) only in exempt property. In re Arango, 992 F.2d 611, 615 (6th Cir. 1993) ("Third National's lien, however, does not encumber Arango's present possessory interest in his entireties property under Tennessee law because Tennessee does not consider entireties property to be the property of each individual spouse. Third National is not able under Tennessee law to foreclose on its lien against Arango's present ability to use and enjoy the entireties property. Therefore, Arango's present possessory interest in the entireties property is not impaired, for purposes of section 522(f), by Third National's lien.); Napotnik v. Equibank & Parkvale Savings Ass'n, 679 F.2d 316, 320-22 (3d Cir. 1982) ("Since this debtor's interest in the real property owned with his wife as tenants by the entirety is not exempt from process . . . because they are joint obligors, he is not entitled to exempt that portion of his equity subject to Equibank's judicial lien, and cannot avoid that lien under Section

522(f)"); In re Arwood, 289 B.R. 889, 894 (Bankr. E.D. Tenn.2003) ("Accordingly, § 522(b)(2)(B) does not entitle the Debtor to claim an exemption on entireties property; instead, it entitles him to exempt his possessory interest in the Real Property, allowing him to maintain possession of his home without the threat of a third party encumbering that right.  In summary, because the Debtor has filed for bankruptcy and his spouse has not, 'his bankruptcy estate [includes] only his right of survivorship in the [Real Property]."); In re Trickett, 14 B.R. 85 (Bankr. W.D. Mich. 1981) ("[Debtor] claims that joint creditors may not reach the entireties property because it would be necessary for such creditors to obtain a joint judgment against him and his wife and file a levy on such property. At this time a judicial lien would exist which [Debtor] asserts would be avoidable under 11 U.S.C. Sec. 522(f)(1) since it would impair the exemption to which he was entitled to under Subsection (b). I cannot agree. Liens may be avoided only in property that 'is exempt from process under applicable nonbankruptcy law.' As to joint claimants, this property is not exempt from process under applicable nonbankruptcy law. Thus, there can be no impairment of the exemption."); see also In re Hunter, 284 B.R. 806 (Bankr. E.D. Va. 2002) (debtor and his non-filing spouse were jointly liable on a junior mortgage lien which encumbered property they held by the entireties; debtor sought to avoid the junior mortgage lien pursuant to § 506(d); court held that such lien avoidance was not permitted because it would have effected a unilateral severance of a portion of the entireties estate in the property prohibited by Pennsylvania law, and would improperly benefit the non-debtor spouse without requiring the burden of filing for bankruptcy).  See also In re Sisk, No. 11-32350, slip op. at *2 (Bankr. W.D.N.C. Dec. 12, 2011) (2011 WL 6153277) ("The allowances of Section 522(f) address the avoidance of liens as to an 'interest of the debtor in property'. In the present case, the spouse of the Debtor is not a bankruptcy debtor and thus the provisions of Section

522(f) cannot reach her 'interest in property'.  Accordingly, the judicial lien of EDI is avoidable in its entirety, but only as to the Debtor's interest in the Residence and not as to his wife's interest.").  But see In re Janitor, No. 10-22594-JAD, slip op. at n.8 (Bankr. W.D. Pa. Jan. 4, 2011) (2011 WL 7109363) ("§ 522(f) . . . does not in any way disqualify from the benefit of lien avoidance a debtor who (a) is also an entireties tenant, (b) files for bankruptcy without his or her spouse, and (c) wishes to avoid a judicial lien that encumbers entireties property, when such lien secures a debt upon which the debtor is jointly liable with his/her nonfiling spouse.).

Since the Debtor's interest in the real property is owned with his wife as tenants by the entirety, half the property is not exempt from creditors.  The Debtor is therefore not entitled to exempt that portion of his equity subject to Navy Federal Credit Union's judicial lien and cannot avoid that lien under Section 522(f).

It is therefore ORDERED that the Debtor's Motion to Avoid Lien filed on August 14, 2012 is DENIED.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JAMES CRAIG SORROW ) | CASE NO. 12-50928 |
| ) | |
| Debtor. ) | Chapter 7 |
| _____) | |

**<u>Parties in Interest</u>**

Robert F. McLaughlin

Michael West